IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                  CRIMINAL ACTION NO. 2:08-cr-00158

GEORGE WILLIAM BUMM,

          Defendant.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the defendant's Motion to Dismiss Counts 2-6 [Docket 26]. Count Two charges the defendant, George William Bumm, with possessing firearms while being an unlawful user of and addicted to a controlled substance in violation of 18 U.S.C. § 922(g)(3). Counts Three through Six charge the defendant with falsely stating that he was not an unlawful user of or addicted to a controlled substance in order to purchase a firearm in violation of 18 U.S.C. § 924(a)(1)(A). The Motion to Dismiss is **DENIED**.

Also pending is the defendant's Motion to Suppress [Docket 27]. Defense counsel notified the court informally that he would withdraw the motion, but no such withdrawal has taken place. I **ORDER** the defendant to either renew or withdraw the motion within five days of the entry of this Memorandum Opinion and Order. Finally, the defendant's Second Motion for General Continuance [Docket 48] is **DENIED as moot**.

**I. Relevant Facts**

The defendant purchased a number of firearms from Beckley Pawn and Gun between January and April 2008. (Mem. Supp. Def.'s Mot. Dismiss 1 [Docket 28].) Specifically, the defendant

purchased one handgun on January 8, 2008, one .45 caliber Thompson semi-automatic rifle on January 14, 2008, three handguns on March 7, 2008, and one handgun on April 21, 2008. (*Id.*) For each purchase, the defendant completed the required Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Form 4473. On each form, the defendant was asked, among other things, whether he was "an unlawful user of, or addicted to, marijuana, or any depressant, stimulant, or narcotic drug, or any other controlled substance?" (*Id.*) The defendant repeatedly answered that question in the negative. (*Id.* at 1-2.)

On June 12, 2008, the defendant had an altercation with the postmaster at his local post office. (*Id.* at 3.) The defendant called the postmaster's supervisor and left a message, which stated that he needed to speak with the supervisor before he "[blew] the place up." (*Id.*) Immediately afterwards, the defendant left a second phone message apologizing for his earlier message and reiterating his desire to speak with the postmaster's supervisor. (*Id.*) In response to the first message, two ATF agents spoke with the defendant at his home on June 19, 2008. (*Id.*) In addition to questioning the defendant, the ATF agents performed a search of the defendant's home with his consent.

In the course of that search, the agents found one of the defendant's firearms resting on top of a gun safe in his bedroom. (U.S. Resp. Opp'n Def.'s Mot. Dismiss 4 [Docket 32].) The defendant stated, however, that he typically stored his firearms in the gun safe in his bedroom. (*Id.* at 2.) Indeed, the defendant's remaining firearms were inside the safe. (*Id.* at 4.) The agents also observed a marijuana bud and tinfoil pipe beside the bed. (*Id.*) The defendant admitted to the

officers that he smoked marijuana, sometimes as often as two "joints" per day.[1] (*Id.*) In response to further questioning, the defendant allegedly stated that he also smoked crack cocaine weekly. (*Id.*) On June 26, 2008, ATF agents and other law enforcement officers executed a search warrant on the defendant's residence and found a marijuana bud and the firearms in essentially the same manner as on June 19, 2008. (*Id.* at 5.)

On July 23, 2008, the Grand Jury returned a six-count indictment [Docket 15], of which Counts Two through Six are at issue in the pending Motion to Dismiss. As noted above, Count Two charges the defendant with possessing a firearm while being an unlawful user and addict of controlled substances in violation of 18 U.S.C. § 922(g)(3). (Indictment 2.) Counts Three through Six charge the defendant with making unlawful misrepresentations on ATF Form 4473 on four separate occasions in violation of 18 U.S.C. § 924(a)(1)(A). (*Id.* at 3-6.) Specifically, the Indictment alleges that the defendant falsely asserted that he was not an unlawful user of or addicted to marijuana, crack cocaine, or any other controlled substance on several ATF forms. (*Id.*) The defendant moves to dismiss the Indictment with respect to Count Two on the theory that § 922(g)(3)

---

[1] The defendant and the government appear to disagree about how long the defendant has been a user of marijuana. While the defendant does not concede that he smoked marijuana, he asks the court to assume for the sake of argument that he smoked marijuana five nights a week beginning in January 2008, for the purpose of pain management and to help him sleep. The government contends that the defendant began using marijuana in 2003. (U.S. Reply Def.'s Mot. Dismiss 1-2 [Docket 35].) For the purposes of this Opinion, the precise dates of the defendant's drug use is not material. What is important is that the defendant was a user of marijuana throughout the time that all relevant events took place. Accordingly, I am analyzing the law under this assumption.

Furthermore, the government avers that the defendant's constitutional challenge to the statute as applied to the facts of this case is "not appropriate at this stage [of the case] because relevant facts are disputed and unknown." (U.S. Resp. Def.'s Supp. Mem. 15 [Docket 42].) This argument is without merit. The court initially scheduled a hearing on the pending pre-trial motions but both the government and the defendant agreed that such a hearing was unnecessary and asked the court to decide the motion on the briefs.

unconstitutionally infringes his Second Amendment rights pursuant to *Heller*. He further moves to dismiss the Indictment with respect to Counts Three through Six on the theory that they are unconstitutional applications of § 924(a)(1)(A) because the information is not material to the sale of firearms if § 922(g)(3) is unconstitutional.

## II. Discussion

The Second Amendment to the United States Constitution reads: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. That amendment was the subject of the Supreme Court's detailed analysis in *District of Columbia v. Heller*. 128 S. Ct. 2783 (2008). My colleague Judge Copenhaver already decided a case raising the precise claims that the defendant raises in this case. *See United States v. Chafin*, No. 2:08-cr-00129, 2008 WL 4951028 (S.D. W. Va. Nov. 18, 2008).

Judge Copenhaver noted that the *Heller* Court "was presented only with the question of 'whether a District of Columbia prohibition on the possession of usable handguns in the home violates the Second Amendment to the Constitution.'" *Id.* at *2 (quoting *Heller*, 128 S. Ct. at 2787-88). Judge Copenhaver stated that it is now "settled that the Second Amendment 'guarantee[s] . . . the individual right to possess and carry weapons in case of confrontation.'" *Id.* (quoting *Heller*, 128 S. Ct. at 2797, 2799). "Equally apparent is the notion that the individual right is 'not unlimited, just as the First Amendment's right of free speech . . . [is] not' unlimited." *Id.* (quoting *Heller*, 128 S. Ct. at 2799. As Judge Copenhaver pointed out, the Supreme Court specifically observed:

> From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. For example, the majority of the 19th-century courts to consider the question held that prohibitions on *carrying concealed weapons* were lawful under the Second Amendment or state analogues. Although we do not undertake an exhaustive historical analysis today of the full

> scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the *possession of firearms by felons* and *the mentally ill,* or laws forbidding the *carrying of firearms in sensitive places such as schools and government buildings,* or laws *imposing conditions and qualifications on the commercial sale of arms.*

*Id.* (emphasis in original) (quoting *Heller*, 128 S. Ct. at 2816-17 (citations omitted)). "The Supreme Court stressed that these underscored, significant carve outs were 'presumptively lawful regulatory measures' that were 'examples[,]' rather than an 'exhaustive' listing, of legitimate prohibitions." *Id.* (quoting *Heller*, 128 S. Ct. at 2817 n.26).

In light of the above quoted portions of *Heller*, Judge Copenhaver concluded that the reading given to *Heller* by the defendant is too broad for at least two reasons:

> First, the Supreme Court addressed only the constitutionality of a sweeping District of Columbia firearm regulation—one that included a total ban on handguns—that was far more restrictive than the statutes allegedly violated in Counts III and IV. Second, *Heller* sanctioned some well-rooted, public-safety-based exceptions to the Second Amendment right that appear consistent with Congress' determination that those unlawfully using or addicted to controlled substances should not have firearms at the ready.

*Id.* Furthermore, Judge Copenhaver found that Second Amendment restrictions did not have to satisfy strict scrutiny, but he did not reach the issue of what type of judicial review should be applied under *Heller*. *See id.* (quoting the dissent in *Heller* in emphasizing that "the majority implicitly, and appropriately, reject[ed strict scrutiny] by broadly approving a set of laws—prohibitions on firearms in certain locales, and government regulation of commercial firearm sales—whose constitutionality under a strict scrutiny standard would be far from clear"). I adopt Judge Copenhaver's reasoning. Count Two of the Indictment in this case is far less restrictive than the laws held unconstitutional in *Heller*. Accordingly, the Motion to Dismiss is **DENIED** as to Count Two.

Furthermore, Judge Copenhaver rejected the defendant's challenge to § 924(a)(1)(A) on the basis that "[t]he broadest possible reading of *Heller* would not decriminalize [that] misconduct." *Id.* at *2 n.3. I agree. Accordingly, the defendant's Motion to Dismiss is **DENIED** as to Counts Three through Six.

### III. Conclusion

I adopt and follow Judge Copenhaver's reasoning in *United States v. Chafin*. Accordingly, the defendant's Motion to Dismiss Counts 2-6 [Docket 26] is **DENIED**. I **ORDER** the defendant to either renew or withdraw the Motion to Suppress [Docket 27] within five days of the entry of this Memorandum Opinion and Order. Finally, the defendant's Second Motion for General Continuance [Docket 48] is **DENIED as moot**.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: April 17, 2009

_Joseph R. Goodwin_
Joseph R. Goodwin, Chief Judge